UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

Securities Investor Protection
Corporation,

                Plaintiff-
                Applicant,

      - against -

Bernard L. Madoff Investment Securities
LLC,

                Defendant.

------------------------------------------x

In re:

Bernard L. Madoff,

                Debtor

------------------------------------------

Irving H. Picard, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC,

                Plaintiff

      - against -

Stanley Kreitman

                Defendant.

------------------------------------------x

12 Misc. 00016 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/12

       Defendant Stanley Kreitman brings this motion against plaintiff Irving Picard ("Trustee"), seeking leave to appeal from an interlocutory order of the Bankruptcy Court charged with the liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS"). Defendants seek to appeal an order granting the Trustee additional time to serve defendant despite Trustee's failure to properly serve defendant within the 120 day period for service set forth in Fed. R. Civ. P. 4(m).

The motion is denied.

## Background

This case arises out of the bankruptcy incident to the discovery of the enormous financial fraud perpetrated by Bernard Madoff. Trustee is charged with administering the liquidation of BLMIS and the consolidated liquidation of Madoff's personal estate. In this capacity, Trustee filed a complaint against defendant on December 1, 2010, alleging that defendant had received $1,485,000 in fictitious profits from Madoff's scheme. The statute of limitations governing Trustee's claim expired a few days later.

On February 9, 2011, Trustee attempted to serve defendant through first class mail to his residence, as permitted by Fed. R. Bankr. 7004. Trustee, acting on information in Madoff's files, mailed the summons and complaint to an address in East Hills, New York. Defendant, however, sold the home at that address in 2009 and now resides in Roslyn, New York. The summons and complaint was not forwarded from East Hills address to the proper address, nor was it returned to sender as undeliverable.

Prior to March, 31, 2011, the final date for service under the 120-day limit set forth in Fed. R. Civ. P. 4(m) and Fed. R. Bankr. 7004, defense counsel learned of the complaint during a review of court filings on PACER. Shortly

thereafter, defense counsel requested an extension of time to respond to the complaint, reserving "all his rights concerning the Complaint." A stipulation to that effect was entered into on April 15, 2011. Trustee mailed notice of the time extension to the East Hills address, but this notice, like the summons and complaint itself, was never returned as undeliverable.

Defense counsel requested a second extension of time to respond on July 7, 2011. Trustee submitted a draft stipulation containing a waiver of service-of-process defenses. Defendant resisted this waiver, acknowledging the existence of as-yet-unspecified service-of-process defense. As a result of this disagreement, the parties were unable to stipulate to a second extension of time.

On August 9, 2011, Trustee mailed notice of a discovery motion to the East Hills address. On August 19, 2011, this motion was returned to sender as undeliverable. Realizing then the inadequacy of his service on defendant, Trustee filed a motion with the Bankruptcy Court to extend the time for service on September 2, 2011. On September 9, 2011, defendant filed a motion to dismiss for inadequate service of process.

The Bankruptcy Court decided both motions concerning service on December 14, 2011. It framed the question before it as "whether the Trustee can show good cause for failure to effect service within 120 days of filing the complaint, or, failing such a showing, whether the Court should exercise its equitable discretion to provide the Trustee with an extension of time to serve Kreitman."

The Bankruptcy Court first held that the Trustee did not show good cause for failing to serve defendant within 120 days. It found that, although Trustee did not learn that his service was deficient until August 19, 2011, "this is hardly an exceptional situation beyond the Trustee's control: the Trustee relied on an address listed in BLMIS's records provided by Kreitman several years prior to service without undertaking any additional efforts to verify the accuracy of that address."

Nonetheless, the Bankruptcy Court exercised its equitable discretion to grant the Trustee an extension of time to serve defendant. It noted that a dismissal would be, in effect, with prejudice, because a refiled action by Trustee would be barred by the applicable statute of limitations. It further noted that defense counsel's discovery of the complaint gave defendant actual notice of the Trustee's claims. It then found that defendant's requests to extend time without informing the Trustee of his defective service "reflect efforts to conceal the defect in service." Finally, it found that "the inherent prejudice in forcing a defendant to defend against an otherwise time-barred claim is insufficient by itself to merit dismissal of the complaint under these circumstances," and that "any such prejudice is diminished by the fact that Kreitman had actual notice of the Complaint and proceeded in light of the claims against him."

Consequently, the Bankruptcy Court extended the time for Trustee to serve defendant until January 6, 2012. Trustee duly served defendant with the summons and complaint by that date.

Defendant now seeks leave to appeal this interlocutory order pursuant to 28 U.S.C. § 153(a)(3), on the grounds that the Bankruptcy Court erred as a matter of law by granting an extension of time to serve where such an extension effectively revived the Trustee's otherwise time-barred claim. Defendant also argues—albeit vaguely—that an extension in these circumstances violates his constitutional due process rights.

**Discussion**

28 U.S.C. § 153(a)(3) provides that "the district courts of the United States shall have jurisdiction to hear appeals… with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges…." The statute does not prescribe a standard to govern the decision to grant leave to appeal. Courts look to the analogous standard governing interlocutory appeals from district court orders contained in 28 U.S.C. § 1292(b). See In re Lehman Bros. Holdings, Inc., 422 B.R. 403, 405 (S.D.N.Y. 2009). Under this standard, the court should only grant leave to appeal from an interlocutory order of a bankruptcy court when 1) the order concerns a controlling question of law; 2) as to which there is substantial ground for difference of opinion; and 3) an immediate appeal of the order would materially advance the termination of the case. See In re Wingspread Corp., 186 B.R. 803, 806 (S.D.N.Y. 1995). All of the above conditions must be satisfied for the court to grant leave to appeal.

Defendant seeks leave to appeal two questions: 1) whether the court abused its discretion in granting the Trustee's motion to extend time for service, and 2) whether extending the time for service violated defendant's constitutional due process rights.

Substantial ground for difference of opinion exists where the questions on appeal are "difficult and of first impression." In re Adelphia Commc'ns. Corp., 333 B.R. 649, 658-659 (S.D.N.Y. 2005). Defendant has not shown that substantial ground for difference of opinion exists on these questions, as they are not difficult at all.

The Second Circuit has decided a case concerning the discretionary extension of time to serve in the absence of good cause, when, without the extension, the plaintiff's claims would be time-barred. See Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007). Zapata did not involve a bankruptcy, but the reasoning of the Court surely applies to the present case.

In Zapata, the trial court had refused to extend the plaintiff's time to serve the defendant, despite the fact that the plaintiff's claims would be time-barred, after the plaintiff had not shown good cause for failing to serve the defendant within the standard 120-day period. The plaintiff appealed this decision to the Second Circuit on the ground that the trial court had abused its discretion by dismissing his complaint. The Circuit affirmed. The Court also made the following highly useful observation:

> It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired;

and it is equally obvious that any plaintiff would suffer by having the complaint dismissed with prejudice on technical grounds -- this is no less true where the technical default was the result of pure neglect on the plaintiff's part. But in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect. Thus, while we disagree with the district court's formulation that a dispositive degree of prejudice to the defendant is "assumed" when statute of limitations would bar the re-filed action, we leave to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service.

Id. at 198.

As detailed above, the Bankruptcy Court appropriately weighed the relative prejudice to the parties in accordance with Zapata. Hence there is no substantial question as to whether the Bankruptcy Court abused its discretion.

The court has also considered a due process argument of defendant and found it completely devoid of merit.

### Conclusion

For the foregoing reasons, defendant's motion for leave to appeal is denied.

SO ORDERED.

Dated: New York, New York
       February 24, 2012

*[signature]*
Thomas P. Griesa
U.S. District Judge